Good morning, your honors, may I please support Mr. Horne on behalf of Mr. Hawkins, who is presenting from the Table of Appeals in the United States. Mr. Hawkins was denied his Sixth Amendment right to counsel of his choice for the trial court, denied his motion for self-representation based on his finding that Mr. Hawkins' description is unclear, what more Mr. Hawkins could he have done to impress upon the court his desire to represent himself? He never once wavered during the September 17th trial. May I just ask a question to get this out on the table? What if we agree with you, what happens? You reverse the conviction, the matter gets remanded to the district court, and there's a new trial for Mr. Hawkins, and he can represent himself. And why would he want that? I mean, why is it a good result for him in this case, when the counsel that he had represented him got him off under the charges, and he's not in prison now? So, is this court, and I believe this is a good question, to make sure that it's not this court's job to ensure that Mr. Hawkins' mask is a practical matter? It is a practical matter, but it's what Mr. Hawkins wants, and if there was an error made in the district court, and I do believe there was an error made in the district court, that's the issue I'm going to bring before this court, as a practical matter, I mean, he would get a new trial, and he would be able to present his own defense as to that count. Let me ask you this then, let's just assume, and I'm sole hypothetical, we haven't discussed this case, and so we haven't decided it or anything, so assume that for purposes of this argument that I agree with you, that he was unequivocal in his statement, and that the district court was wrong in saying that he was unequivocal, but let's also assume, and there appears to be significant evidence before, that Mr. Hawkins could have been determined to be somewhat obscurperous in attempting to aim that, you know, and there was discussions about that, well, he wanted to get discovery and do this, and he and counsel were having difficulties, and, you know, those of us that have spent a lot of time in a courtroom, you know, realize that, you know, sometimes people can be manipulative, and try and, and in this case, it's clear that what Mr. Hawkins was doing was obstructing the system, you know, gaming the system, and that appears to be a reason that you can deny someone self-representation, but that wasn't the finding here. Can we make that independent finding? Oh, well, I would argue no, because you have to address what the district court did, and I don't believe that the record is sufficient for you to even make that finding, that he was obscurperous, and that he was doing this solely for the goal of getting discovery. A few months after the trial, when the district court judge retired, was assigned to a new district court judge, Mr. Hawkins made the motion, and it was granted, and he represented himself from about February of 2013 until he was sentenced in 2016, and so I believe that's ample evidence that this was not solely to get discovery, it was because he truly wanted to represent himself, and I don't believe, in obscurperous filing motions, and asking the court to rule on his motions, I don't believe is obscurperous. Well, when you have, I think that the record does have indications of, his counsel said, I'm not going to file that, and then he said, well, if you're not going to file it, I want to file it, well, you can then, and therein, I want ADA counsel, no, you can't have ADA counsel, I mean, they're, I'm just saying, hypothetically, there is some evidence that there could have been a manipulation going on. I actually disagree with that, I don't believe that. Okay, then we'll have to agree to disagree on that, but that wasn't the basis of the lower court's ruling, so I'm just saying, if the lower court had made that finding, this would be a different case, wouldn't it? It would, but I believe that, I mean, any evidence of being obstreperous is very thin at best, I guess you're indicating that the idea that Mr. Hawkins filed, would mail handwritten motions to the court, without going through counsel, is being obstreperous. I view obstreperous conduct as something different. So, I don't believe that he would have been. Let's go to the finding that the district court did make, which is that his request was equivocal. Doesn't the fact that, at the hearing two weeks before this hearing, Mr. Hawkins said he did not want to proceed per se, evidence, or that determination? No, Your Honor, because in every case that involves a defendant going pro per, they're going to make that decision. They initially ask for counsel, and then at some point, they change their mind. So, by asking for counsel at one point, can't forever preclude a defendant from changing their mind and seeking self-representation thereafter. So, he wanted counsel from the arraignment through that hearing, and I don't think that there was ever even a question about self-representation prior to that, and the district court judges brought that up and said, well, you ought to represent yourself. And it appears that that's the first time that that was ever even part of the discussion. And it appears that- I just made a consistent fit. Mr. Hawkins filed his motion to find counsel on September 6th, yet when he was asked, why did you make this decision, or when did you make it, he said, I just made it just now, but I met with my counsel, and he hadn't given me the documents I wanted, so- I would disagree with that's what he said at that hearing. Well, I'm paraphrasing, but we can't put it exactly, put it into the record where it's exactly what he said. I believe he is. I will get that for you at the rebuttal. I don't have that on my fingertips right now. But at that hearing, the judge was advising Mr. Hawkins about the adversity or the pitfalls of self-representation, and the judge asked him why he wanted to do that. And to be clear, Mr. Hawkins wrote and submitted that motion, I believe, on August 30th, about a week prior to the hearing, and he said, I'm asking for counsel. And then, the judge asked Mr. Hawkins why he wanted to do that, and he referenced the fact that he had a conversation with his trial counsel prior to court that morning, but he said, but I want to represent myself, and actually Mr. Hawkins made clear in that portion of the transcript that that was only a small part of why he wanted to represent himself. The main reasons for why he wanted to represent himself was there was a broken trust with the attorney, which the attorney corroborated. They said they had a fundamental disagreement about how to proceed, and Mr. Hawkins then told the court that the conflict between him and his attorney was so severe that it would be a travesty to his rights if the motion were denied. And I say I have a minute and 36 seconds left, Judge White. Okay, so there's the actual, the court said, which changed your mind from the last time you appeared before me and you told me that you were not qualified to represent yourself, Mr. Hawkins. Right before we came here to court, I visited with my attorney, Mr. Justine, in the busy room at the Federal Hall, and once again, I requested several documents, and I was told I was going to receive them. I still haven't received them. What I did receive is not what I wanted. At this point, I just made a decision, and I know I have the constitutional right to do that, to represent myself. Court, you changed your mind because of some documents, one, that your attorney didn't give to you, is that what you're saying? So, that's what he said, and then he went back and recounted all the answers he said and then just that right before they came into the argument. And I believe, if he reaches a little further, he says that's only part of the reason. And so since that's not the sole reason, it's only part of the reason. He has to be going back and forth on his timing. Yeah. I don't think this judge just made the decision that finding that it was unequivocal just out of the blue, based on nothing. Well, I don't think that Mr. O'Connor, while I read the transcript decently, I don't think that he equivocated at all during that hearing. In fact, certainly two weeks prior, when posed with a direct question from the district court, he said, no, I don't want to represent myself. And then it appears that during those two weeks, he thought about it, and I believe it's dated August 30th. He submitted the motion to the court saying, I want to represent myself. And then at the hearing, there was a question about why. No, on September 7th, when was the trial getting scheduled for? No, it was the end of October. Mid-October, like October 21st, it had started. So this was about six weeks prior to the trial. All right. Thank you. Good morning, Your Honor. Your name, please. The court, Todd Pickles. I'm from the United States. This court should affirm both the conviction and sentence of Mr. Hawkins. First, because the court did not clearly err in finding Mr. Hawkins' threat request was not unequivocal based on the timing and context of the request. And second, the court said he- Counsel. Counsel. Counsel, could we cut to the chase and just give you address where in the front of the hearing itself the defendant said anything that wasn't over, not with reference to his prior hearing weeks earlier, but in the front of the hearing itself. Where is there any evidence or what lines show the equivocation? Your Honor, with respect to Mr. Hawkins' request that he wanted to represent himself, he did not deviate from the request during the September fraticalical. He did, on the chase, a reasoning by which he wanted to represent himself. See, but your message is corny for the position that a defendant's request can be found equivocal based on context prior to his request at the front of the hearing. Your Honor, I don't have an exact, factually analogous case that I can point to. There are cases, including the most recent case before this court, I'll even publish the Brooks case, where the defendant initially indicated a desire to maintain counsel and then changed his mind both towards the end or after the hearing. But that was a change that occurred within close proximity of one another. With respect to the Kynan Burger case, the court did look at a series of events that occurred over time. But I think that also was a case where the court ultimately determined that throughout the whole series, there was no unequivocal request. The court has, on numerous occasions, talked about looking at the record as a whole or the totality of the circumstances. The Stinson v. Medford case, which is an habeas appeal, the court did talk about looking at the record as a whole, using all of those cases to support the idea that the district court should be looking at the context and the timing. Right, but the record as a whole shows that he didn't want counsel earlier, but then he changed his mind and said that he wanted to counsel. And he had this front of the hearing to determine if he really wanted to remain as counsel. Right, and it was done with his eyes open. And I read that transcript and couldn't see anything close to a waiver at that hearing. Your Honor, I think what the district court was responding to is the fact that he had just spoken with Mr. Hawkins two weeks prior. Mr. Hawkins. Right, so I misspoke. I couldn't see anything. So you're just, you're relying on what he had told the judge two weeks before then. In part, Your Honor, I think part of what I'm misinforming the district court's analysis is the fact that just two weeks prior, Mr. Hawkins made very clear he did not want to waive his right to counsel. And then the court gives a letter that indicates perhaps he's changed his mind. The court then has the accordion. Judge Borlaug, you noted the record for Mr. Hawkins in the case. The decision appeared to arrive just before coming to court, which shows he's been going back and forth. The district court is in a position, at a difficult position, as this court has recognized numerous times, in trying to ascertain what is the true nature of Mr. Hawkins' intent. See, what happens two to four is the fact that he's been going back and forth. And the court then is forced to make essentially a judgment call based on the facts before it. But doesn't that really go more to where I was talking about game playing, obstruction, or that type of thing, which was not the basis? I mean, if, I mean, he wasn't a clinical, but you could still look at that and say, but, you know, you're just scheming, you know, you're just scheming the system every time you get something you don't want. Then you say this, then you say that. But, I mean, he, but his language was pretty unequivocal. I don't want to represent myself, so why don't you just let him go down in flames, you know, singing the Frank Sinatra song, I did it my way. Yes, Your Honor. And then I think, well, I think that's pretty much what Freireta says. I mean, if you're not, you know, if you're not mentally impaired, and even though it's a terrible idea, and a lawyer would do a better idea, you leave the thing, I'm doing it my way. Yes, Your Honor, and the reason that this Court has recognized for why it has to be unequivocal, one, is to avoid kind of impulsive, reactive decisions opposed to one that's more deliberative, even if it's for really bad reasons. And the other is to avoid manipulating the system as all the way back to the Adams case and prior precedent. And so I think what Judge Garcia was recognizing, in fact, said it on the record, is that Mr. Hawkins was playing games. And when he then further inquired as to what it is that's motivating this change, why it isn't, just before court, you're not expected to do this. Mr. Hawkins essentially is confirming the court's suspicion that he wants to vote. So when you say just before court, I thought it was six weeks before trial. Right, Your Honor, I meant that Mr. Hawkins had indicated his decision to represent himself occurred just before the frat colloquy in September. The trial date was set for a number of weeks later. But I do think with respect to the- Can you clarify something for me, just procedurally? If we agree with Mr. Hawkins and find that the district court's idea was unequivocal, was clear of error, and we vacate the conviction, is the government, given the procedural posture, able to bring the other charges again? What, the ones that were dismissed from the speedy trial violation? That were dismissed. Must we tell us the ones in which the jury was divined? Essentially, Your Honor, yes. The statute of limitations, there's some legal uncertainty as the application of the statute of limitations to some of those counts. But at least our interpretation of the law would be that they would remain viable, at least as it relates to the statute of limitations. And certainly with respect to the county of conviction, that will still remain available for retrial. Unless the court has any particular questions with respect to either the jurisdictional issue or the issue of equivocation I have not addressed, I will submit on the papers. All right. Thank you, Counselor. All right. Negotiate. Thank you, Your Honor. All right. U.S. versus Hawkins will be submitted. We will take them. U.S. versus Slim. Thank you.
judges: Wardlaw, Gould, Callahan